1999 ME 145

**Barbara BAER**

v.

**COMMISSIONER, MAINE DEPART-MENT OF HUMAN SERVICES**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 29, 1999.

Decided Oct. 20, 1999.

Barbara Baer, New York, NY, for plaintiff.

Andrew Ketterer, Attorney General, Christina M. Hall, Asst. Atty. General, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Barbara Baer appeals from a judgment of the Superior Court, (Kennebec County, *Hjelm, J.*) affirming a decision of the Commissioner of the Maine Department of Human Services ordering Baer to reimburse the Department $11,606 paid to her in adoption assistance. We affirm the judgment.

[¶ 2] In May 1994, Baer adopted Thomas, a ward of the Department. Prior to the adoption, the Department and Baer entered into an Agreement for Adoption Assistance. The Adoption Assistance Program, established by federal and state law, is designed to provide financial and other benefits to a family adopting a child with special needs.[1] Thomas, who was diagnosed with attention deficit disorder in 1990, is a special needs child. There is no dispute that Baer received monthly adoption assistance from the Department in the total amount of $11,606.

[¶ 3] Both before and after the adoption, Thomas was eligible for Social Security benefits due to the death of his birth mother. The Agreement signed by Baer includes a paragraph which states:

> All other resources including insurance, Social Security, Supplemental Security income, ... must be utilized before assistance is considered. If such benefits are available for the child, the amount of the assistance must be reduced by the amount of the benefits ....

The Agreement also sets forth the monetary amount of assistance for which Baer

was eligible "minus any SSA benefits to which he is entitled after legalization."

[¶ 4] Baer did not immediately apply for Social Security benefits for Thomas following the adoption.[2] The Department sent several letters reminding Baer to apply for Social Security and warning her that the amount of overpayment of the adoption assistance was increasing because of Baer's delay in obtaining the Social Security benefits to which Thomas was entitled. Baer eventually applied for the benefits and received a retroactive Social Security check in the amount of $12,700, dated July 12, 1996.

[¶ 5] Baer notified the Department of her receipt of the retroactive check and requested authorization to use the money to pay Thomas's tuition at his private school which specializes in students with attention deficit disorder. The Department notified Baer that she was required to reimburse the Department for the adoption assistance overpayment of $11,606.

[¶ 6] Upon Baer's request an administrative hearing was held. The Commissioner issued a decision holding that the Department had the authority to collect the overpayment of adoption assistance and was not required to forgive or waive the overpayment amount. Baer appealed the decision to the Superior Court which affirmed.

[¶ 7] Where, as here, the appeal is from a judgment of the Superior Court reviewing an administrative decision, we review that administrative decision directly. *See Kelley v. Commissioner, Maine Dep't of Human Services,* 591 A.2d 1300, 1303 (Me.1991). "Where the administrative agency's findings of fact are unchallenged, we review only for legal error." *Id.* In this case there is no challenge to the facts. Baer argues that the Depart-

---

1. Federal law authorizes payment to adoptive parents of children with special needs in amounts determined by state officials. *See* 42 U.S.C.A. § 673(a)(3) (West Supp.1999) and 18–A M.R.S.A. §§ 9–401, 9–402 (1998).

2. The Department received Social Security benefits on behalf of Thomas prior to the adoption. Once the Department was no longer the legal guardian of Thomas, it could not receive his benefits, and Baer had to apply to the Social Security Administration to receive the benefits for Thomas.

ment does not have the authority to recoup overpayments of adoption assistance, and she contends that if it does have the authority it should have exercised its discretion to forgive the overpayment so that the money could be used for Thomas's education.

[¶ 8] The Agreement signed by Baer unambiguously provides that the amount of adoption assistance is reduced by the amount of Social Security payments received by Baer on behalf of Thomas. Because the Social Security benefits exceeded the amount of adoption assistance, the Department was entitled to enforce the contract provisions and collect the amount of assistance it had overpaid her. The Commissioner did not err in finding that Baer was required to reimburse the Department for the overpayment.[3]

[¶ 9] Baer's primary argument on appeal is that the Department should have exercised its discretion to forgive or waive the adoption assistance overpayment. She argues that the Department's principal concern should be the best interests of the child which, in Thomas's case, is payment of tuition at his school. Assuming that the Department has some discretion to either collect the overpayment or forgive it, Baer has not shown that it abused that discretion. We find nothing in the contract, regulations, or statutes that requires the Department to waive an adoption assistance overpayment in this or any other situation. The Department considered her request that the overpayment funds be utilized for Thomas's tuition. The hearing officer noted that Thomas is progressing in his private school, but also commented that Baer may be able to recoup some or all of the tuition payment from the New York school district where she and Thomas reside. Thus, the Department considered the merits of Baer's request to waive the overpayment but declined to do so. This court is unable to conclude that the Department abused its discretion in refusing to waive the overpayment.

The entry is:

Judgment affirmed.

---

3. Neither the federal nor state statutes contain provisions pertaining to overpayments for adoption assistance. The Department promulgated rules governing adoption assistance in 1986 and revised the rules in 1996. *See* 18-A M.R.S.A. § 9–404 (1998) (authorizing the promulgation of rules for adoption assistance). Both sets of rules contain language similar to that in the Agreement requiring the adoptive parents to utilize resources available to the child such as Social Security benefits and stating that the adoption assistance will be reduced by the amount of those resources.